# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1688 | **DATE** | April 25, 2011 |
| **CASE TITLE** | Salvador Rubio (#R-60333) v. Leslie Turner, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#8] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $9.17 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, the complaint is dismissed as to Defendant Franklin. The Clerk shall issue summonses to Defendants Turner, Harrington, and Ghosh, and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [#3] is denied.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges excessive use of force, a violation of his right to due process, and deliberate indifference to a serious medical condition. More specifically, Plaintiff alleges that on March 11, 2009, correctional officials searched his cell and found contraband. He alleges that he was questioned about the contraband by Defendant Turner, and when he would not inform on his cell-mate, Defendant Turner subjected Plaintiff to excessive force. Plaintiff alleges that since the altercation with Defendant Turner, he has suffered extreme back pain. Plaintiff also alleges that Defendants Turner and Harrington issued a false disciplinary report against him in retaliation for his refusal to testify against his cell-mate. He further alleges that he was found guilty by the adjustment committee of the charges brought against him and that as a result he received punishment by being sent to disciplinary segregation. Plaintiff finally alleges that Defendant Ghosh refused to treat him for the injuries he sustained from Turner's use of force.

The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $9.17 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

**(CONTINUED)**

AWL

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Turner for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). Plaintiff has further stated a cause of action for retaliation against Defendants Turner and Harrington. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (finding that plaintiff had stated a valid cause of action for allegedly retaliatory disciplinary reports). Plaintiff has further stated a cause of action against Defendant Ghosh for deliberate indifference to a serious medical condition. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). While a more fully developed record may belie Plaintiff's claims, Defendants must respond to the allegations in the complaint.

However, Plaintiff's due process claim against Defendants cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in his favor would imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997). Plaintiff's conviction on the underlying offense has not been overturned. Accordingly, with respect to Plaintiff's claims against Defendants for damages, he is not entitled to relief.

Plaintiff alleges that Defendants' violation of his right to due process resulted in him spending time in segregation. Placement in disciplinary segregation "[does] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and "based on a comparison between inmates inside and outside disciplinary segregation, the State's actions placing him there...[do] not work a major disruption in his environment." *Sandin v. Conner* 515 U.S. 472, 115 S.Ct. 2293, 2301 (1995). The Seventh Circuit has held that under *Sandin* the Due Process Clause is not implicated by a prisoner's placement in segregation because conditions of confinement in segregation are not significantly different from those in the general prison population. *Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996). Consequently, Plaintiff's due process claims fail, and Defendant Franklin is dismissed as a Defendant.

The Clerk shall issue summonses forthwith to Defendants Turner, Harrington, and Ghosh (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.
**(CONTINUED)**

## STATEMENT

Plaintiff has also filed a motion for appointment of counsel. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.